# In re Viviana GARCIA, Respondent

File A97 149 523 - Dallas

*Decided May 31, 2007*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An application for special rule cancellation of removal is a continuing one, so an applicant can continue to accrue physical presence until the issuance of a final administrative decision. *Matter of Ortega-Cabrera*, 23 I&N Dec. 793 (BIA 2005), reaffirmed; *Cuadra v. Gonzales*, 417 F.3d 947 (8th Cir. 2005), followed in jurisdiction only.

FOR RESPONDENT: Antonio A. Lopez, Esquire, Dallas, Texas

BEFORE: Board Panel: HESS and PAULEY, Board Members; ROMIG, Temporary Board Member.

PAULEY, Board Member:

In a decision dated November 5, 2004, an Immigration Judge determined that the respondent lacked the requisite period of continuous physical presence to establish statutory eligibility for special rule cancellation of removal. We affirmed the Immigration Judge's decision without opinion on January 4, 2006. The case is now before us pursuant to an order of the United States Court of Appeals for the Fifth Circuit granting a Government motion to remand the record for us to reconsider our decision. Upon reconsideration, our prior decision will be vacated, the respondent's appeal will be sustained, and the record will be remanded to the Immigration Judge for further proceedings consistent with this decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The respondent is a native and citizen of Mexico who entered the United States on October 20, 1997. She argues that she is eligible for special rule cancellation of removal. Amendments to section 309(c)(5) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-627 ("IIRIRA"), provide special rules regarding applications for suspension of deportation and cancellation of removal filed by certain aliens. *See* section 203 of the Nicaraguan Adjustment and Central American Relief

Act, Pub. L. No. 105-100, tit. II, 111 Stat. 2193, 2196 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997) ("NACARA") (amending section 309(c)(5) of the IIRIRA to define classes of eligible aliens and adding provisions relating to special rule cancellation of removal). These aliens include nationals of Guatemala, El Salvador, and the former Soviet Bloc who are specifically described in section 309(c)(5)(C)(i) of the IIRIRA, which was added by section 203(a)(1) of the NACARA, 111 Stat. at 2196. The respondent claims to be within the described group of aliens eligible to apply for cancellation of removal under the special rules because her husband, a native and citizen of El Salvador, was granted relief under the NACARA. She accordingly seeks to qualify for special rule cancellation of removal as the spouse of a person whose application has been approved. *See* IIRIRA § 309(c)(5)(C)(i)(III), *added by* NACARA § 203(a)(1), 111 Stat. at 2197.

Inclusion in the class of aliens described in section 309(c)(5)(C)(i) of the IIRIRA does not exempt applicants for special rule cancellation of removal from establishing all of the eligibility requirements for relief. *See* 8 C.F.R. § 1240.66(a) (2007) (providing that an applicant must show eligibility under section 309(f)(1) of the IIRIRA). To establish eligibility for special rule cancellation of removal, the respondent must demonstrate, among other things, that she has accrued 7 years of continuous physical presence in the United States. *See* IIRIRA § 309(f)(1)(A)(ii), *added by* NACARA § 203(b), 111 Stat. at 2198 (requiring physical presence "for a continuous period of not less than 7 years immediately preceding the date of such application"). The regulation implementing the statute requires the respondent to show that she "has been physically present in the United States for a continuous period of 7 years immediately preceding the date the application was filed." 8 C.F.R. § 1240.66(b)(2).

The Immigration Judge pretermitted the respondent's application for special rule cancellation of removal, concluding that she lacked the requisite 7 years of continuous physical presence prior to the date she filed her application. The respondent testified that she first entered the United States on October 20, 1997. The Immigration Judge found that the respondent filed her application on March 5, 2004, and thus did not have 7 years of continuous physical presence on the date the application was "filed." The respondent contends that her period of continuous physical presence should have continued to accrue until the date that the Immigration Judge's decision was issued on November 5, 2004, when she had more than 7 years of continuous physical presence.

## II.  ISSUE

The issue before us is whether the respondent has established that she is eligible for special rule cancellation of removal by demonstrating that she has "been physically present in the United States for a continuous period of 7 years *immediately preceding the date the application was filed.*"  8 C.F.R. § 1240.66(b)(2) (emphasis added).

## III.  ANALYSIS

For purposes of suspension of deportation, the relief that preceded special rule cancellation of removal, we have long treated applications as "continuing," meaning that an applicant could accrue continuous physical presence until a final administrative decision was issued.  *See, e.g.*, *Matter of Castro*, 19 I&N Dec. 692 (BIA 1988) (finding that the respondent was eligible for suspension of deportation because he had acquired the requisite 7 years of physical presence during the pendency of his appeal).  We reaffirmed this approach in *Matter of Ortega-Cabrera*, 23 I&N Dec. 793, 795 (BIA 2005), stating that prior to the enactment of the "stop-time" rule in section 240A(d)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(d)(1) (2000), we consistently treated the continuous physical presence period, and consequently the good moral character period, as continuing to accrue through the time that a final administrative decision was issued.

In *Cuadra v. Gonzales*, 417 F.3d 947, 952 n.2 (8th Cir. 2005), the Eighth Circuit determined that the plain language of the statute provides a bright line for determining when an application is filed and rejected our longstanding administrative practice of treating such types of applications as "continuing."[1] However, we have continued this practice for several reasons that were not addressed by the court in *Cuadra*.

First, we note that congressional intent appears to favor treatment of applications for special rule cancellation as "continuing" applications.  For example, Congress specifically exempted applications for special rule cancellation from the "stop-time" rule of section 240A(d)(1) of the Act, which automatically cuts off the accrual of continuous physical presence for cancellation of removal applicants.  *See* IIRIRA § 309(f)(1), *added by* NACARA § 203(b), 111 Stat. at 2198.  Because Congress enacted the NACARA to ameliorate the "harsher effects" of prior legislation, it would be

---

[1] As we noted in *Matter of Ortega-Cabrera*, *supra*, at 795 n.1, we also treat the good moral character period as continuing for purposes of determining eligibility for voluntary departure granted at the conclusion of proceedings.

anomalous to construe "continuous physical presence" for special rule cancellation of removal applicants in the most restrictive manner. *Masnauskas v. Gonzales*, 432 F.3d 1067, 1070 (9th Cir. 2005). As we stated in *Matter of Ortega-Cabrera*, *supra*, Congress was aware of our longstanding practice of considering similar applications as "continuing" in nature when it enacted this legislation. *Id.* at 797 (noting that "aside from the leftover language 'such period' in section 240A(b)(1)(B), there is no indication that Congress, in creating the 'stop-time' rule, intended to alter the well-established practice of treating the application as a continuing one"). We find support for treating applications for special rule cancellation as "continuing" in the fact that Congress did not make the "stop-time" rule applicable to such applications.

In determining the meaning of a statute, the context in which it appears must be considered. Thus, the question whether an application is properly viewed as "continuing" for the purpose of determining the period of continuous physical presence is inextricably linked to determining the period within which good moral character must be assessed. *See* 8 C.F.R. 1240.66(b)(3) (directing that the alien must show that he or she has been a person of good moral character "during the required period of continuous physical presence"). This is the very question we addressed in *Matter of Ortega-Cabrera*, *supra*, at 798, where we examined the coterminous concepts of good moral character and continuous physical presence and concluded that "in line with long-standing practice, an application for cancellation of removal remains a continuing one for purposes of evaluating an alien's moral character." In reaching that conclusion, we noted that a contrary ruling could result in a situation where an alien would be required to be found ineligible for relief based on a disqualifying bad act that occurred many years in the past, whereas one who committed a disqualifying act after the application was filed (that is, *during* the hearing or shortly before the hearing, depending on when the application is deemed "filed," as discussed below) would not be so ineligible.

Unless the respondent's application for special rule cancellation of removal is deemed a continuing one, the anomalous consequences we identified in *Matter of Ortega-Cabrera*, *supra*, would apply to this even more ameliorative provision. Such an outcome makes so little sense that we regard it as a "decidedly unlikely reflection of congressional intent." *Id.* at 797. The Eighth Circuit did not mention our holding in *Matter of Ortega-Cabrera* and reached a result that we opined would be inconsistent with congressional intent, i.e., the court found the alien eligible for cancellation of removal notwithstanding that he gave "false testimony" for the purpose of obtaining an immigration benefit after he filed his application. *See Matter of Ortega-Cabrera*, *supra*,

at 796. In sum, we do not agree with *Cuadra v. Gonzales*, *supra*, that the language of the statute is unambiguous, and we interpret it in a manner contrary to that of the Eighth Circuit.

We further find that the approach described by the court in *Cuadra v. Gonzales*, *supra*, regarding the plain meaning of the statute, which is similar to that taken by the Immigration Judge in this case, fails to consider the regulatory ambiguity for applications for special rule cancellation. We initially note that the regulations do not specifically define what constitutes the "filing" date for applications for special rule cancellation. 8 C.F.R. § 1240.63(a) (2007). With respect to the filing date of the respondent's application, the Immigration Judge apparently considered the application to have been "filed" on March 5, 2004, the date it was referred to the Immigration Court along with the notice to appear. The application might also be considered as having been "filed" on April 1, 2003, when it was submitted to the Department of Homeland Security ("DHS") in accordance with 8 C.F.R. § 1240.62(a)(4) (2007). However, the DHS referral letter dated March 3, 2004, advised the respondent that she would have the opportunity to apply for special rule cancellation of removal "again" before an Immigration Judge. The record reflects that the respondent did not have a hearing on the merits of her application for special rule cancellation of removal until November 5, 2004. On that date, the respondent was sworn in as a witness and testified that she entered the United States on October 20, 1997. The respondent did not re-execute the application before the Immigration Judge. We note, however, that if she had re-signed the application on the day she offered testimony, the application arguably would not have been "filed" until November 5, 2004, the date of the hearing before the Immigration Judge.

## IV. CONCLUSION

Given the ameliorative nature of the special rule cancellation statute and the ambiguity concerning the date on which an application for relief is "filed," we respectfully decline to adopt the reasoning of the Eighth Circuit in *Cuadra v. Gonzales*, *supra*, in cases arising outside of the court's jurisdiction. Because we find that an application for special rule cancellation of removal is a continuing application, we conclude that the respondent accrued 7 years of continuous physical presence prior to the issuance of a final administrative decision for purposes of establishing eligibility for relief. We will therefore vacate our prior decision and sustain the respondent's appeal. The record will be remanded to the Immigration Judge for further proceedings to adjudicate the respondent's application.

**ORDER:** Upon reconsideration, our prior decision in this matter is vacated and the respondent's appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with this decision.