[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 15, 2011
JOHN LEY
CLERK

No. 10-13379
Non-Argument Calendar
_____

Agency No. A028-590-509


CESARIO DEJESUS REYES-MORALES,
a.k.a. Sesario De Jesus Reyes Muralles,
a.k.a. Cesar Anibal Reyes Muralles,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 15, 2011)

Before HULL, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Cesario Anibal Reyes-Muralles,[1] a Guatemalan national, petitions for review of the Board of Immigration Appeals's ("BIA") order dismissing his appeal from an immigration judge's ("IJ") denial of his application for special rule cancellation of removal under § 203 of the Nicaraguan and Central American Relief Act of 1997 ("NACARA").[2] Pub. L. No. 105-100, 111 Stat. 2160, 2196–99 (1997). We have jurisdiction under 8 U.S.C. § 1252.[3]

To establish his eligibility for special rule cancellation of removal under the NACARA, Reyes-Muralles bears the burden of showing, *inter alia*, that he has been continually present in the United States for the seven years preceding the disposition of his application—in this case, 2002–09.[4] *See* 8 C.F.R. §

---

[1] This case is docketed under the name "Cesario DeJesus Reyes-Morales," but the petitioner has clarified that his name is "Cesario Anibal Reyes-Muralles."

[2] Section 203 of the NACARA allows nationals of certain countries to apply for special rule cancellation of removal, provided they filed asylum applications with the INS on or before April 1, 1990 and meet certain other conditions.

[3] Notwithstanding § 1252's jurisdiction-stripping provision precluding judicial review of discretionary BIA determinations, § 1252(a)(2)(B), we have jurisdiction to review the Board's non-discretionary determination here-at-issue: whether Reyes-Muralles has satisfied the NACARA's continuous-presence requirement. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1298 (11th Cir. 2001) (evaluating the statutory predecessor of the requirement at issue and determining it was not a "discretionary decision" within the scope of the jurisdiction-stripping provision); *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003) (per curiam) (applying *Al Najjar* to the current statute).

[4] Notwithstanding 8 U.S.C. § 1229b(d)(1)'s stop-time provision, the BIA has interpreted the continuous-presence requirement to apply to the seven years preceding the final administrative disposition of an application for special rule cancellation of removal. *See In re Garcia*, 24 I. & N. Dec. 179, 183 (BIA 2007). We are bound to follow agencies' reasonable

1240.66(b)(2). He must do so by a preponderance of the evidence. 8 C.F.R. §

1240.64(a). The IJ determined Reyes-Muralles failed to meet this burden, and the

BIA agreed, dismissing his administrative appeal. Reyes-Muralles claims this was

error.

We review the BIA's continuous-presence determination under the

substantial-evidence test, evaluating whether the record as a whole supports the

decision with "reasonable, substantial, and probative evidence."[5] *Al Najjar v.*

*Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001). Under this test, we view "the

record evidence in the light most favorable to the agency's decision," and we will

only reverse the findings of the agency when the record evidence compels that

result. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). In

this case, there is no such compulsion.

The BIA's conclusion is supported by substantial evidence. Reyes-

Muralles's hearing testimony contained several inconsistencies, leading the IJ to

find that he was not "fully credible." Furthermore, despite his claim that he has

resided in the United States for decades, Reyes-Muralles offered scant evidence to

interpretations of the statutes they are entrusted to administer. *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843–44, 104 S. Ct. 2778 (1984); *Lin v. U.S. Atty. Gen.*, 555 F.3d 1310, 1316 n.4 (11th Cir. 2009).

[5] We review the BIA's decision as the final judgment, unless the BIA expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).

corroborate his continuous presence in the country during the time period in question. The BIA specifically found that he failed to offer "any contemporaneous documentation" from the years in question. Contrary to that finding, however, the record shows Reyes-Muralles did offer some documentation actually generated during this time period, including a Florida driver's license issued in 2004 and three "1099" tax forms issued from his employer in the years 2005, 2006, and 2008. Nevertheless, we cannot say that, when coupled with the IJ's credibility determination, this evidence compels the conclusion that Reyes-Muralles demonstrated his continuous presence in the United States by a preponderance of the evidence. Consequently, we must deny his petition.

Reyes-Muralles also asserts that the administrative proceedings were procedurally deficient, claiming the IJ enforced a clear-and-convincing evidentiary burden against him, instead of the appropriate preponderance standard. Because Reyes-Muralles failed to exhaust his administrative remedies with respect to these claims, we are without jurisdiction to entertain them. 8 U.S.C. § 1252(d). This lack of jurisdiction extends to Reyes-Muralles's procedural-due-process claim. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (per curiam). Accordingly, his claims of procedural defect are dismissed.

For the foregoing reasons, Reyes-Muralles's petition for review of the BIA's final order is dismissed in part and denied in part.

**DISMISSED IN PART, DENIED IN PART**.