# Matter of M-L-M-A-, Respondent

*Decided as amended August 5, 2014*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Because an application for special rule cancellation of removal under section 240A(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(2) (2006), is a continuing one, false testimony given by the respondent more than 3 years prior to the entry of a final administrative order should not be considered in determining whether she is barred from establishing good moral character under section 101(f)(6) of the Act, 8 U.S.C. § 1101(f)(6) (2006). *Matter of Garcia*, 24 I&N Dec. 179 (BIA 2007), and *Matter of Ortega-Cabrera*, 23 I&N Dec. 793 (BIA 2005), followed.

(2) Although the respondent was divorced from her abusive husband and subsequently had a long-term relationship with another man, she had not previously been granted special rule cancellation of removal based on her abusive marriage and had significant equities that merited a favorable exercise of discretion. *Matter of A-M-*, 25 I&N Dec. 66 (BIA 2009), distinguished.

FOR RESPONDENT: Kelli J. Stump, Esquire, Oklahoma City, Oklahoma

BEFORE: Board Panel: PAULEY, COLE, and WENDTLAND, Board Members.

PAULEY, Board Member:

This case was last before the Board on September 9, 2011. At that time, we remanded the record to the Immigration Judge for further consideration of the respondent's application for special rule cancellation of removal under section 240A(b)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(2) (2006), a form of relief reserved for certain victims of domestic violence in accordance with the provisions of the Violence of Against Women Act, enacted as Title IV of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, 108 Stat. 1786, 1902 ("VAWA"). Specifically, we asked the Immigration Judge to clarify his finding that the respondent lacked good moral character during the requisite statutory period, as required by section 240A(b)(2)(A)(iii) of the Act and defined by section 101(f) of the Act, 8 U.S.C. § 1101(f) (2006).

---

[1] We designate our January 13, 2014, order in this case as a precedent. This amended order makes editorial changes consistent with our designation of the case as precedent.

In his decision on remand dated October 25, 2012, the Immigration Judge reaffirmed his prior denial of the respondent's application based on his conclusion that she did not establish the requisite good moral character or merit relief in the exercise of discretion. The respondent, a native and citizen of Mexico, has appealed from that decision. The Department of Homeland Security has not filed any opposition to the appeal. The respondent's request for oral argument is denied pursuant to 8 C.F.R. § 1003.1(e)(7) (2013). The appeal will be sustained and the record will be remanded to the Immigration Judge.

The issues before us are (1) whether the respondent has been a person of good moral character during the requisite statutory period pursuant to section 240A(b)(2)(A)(iii) of the Act and (2) whether she merits relief in the exercise of discretion.

In his initial decision on March 2, 2010, the Immigration Judge made an adverse credibility finding with respect to the respondent's testimony, concluding that she had not been truthful about the identities of the individuals with whom she entered the United States. Specifically, the respondent testified that she entered the United States with another man and woman who were not related to her and that she was not accompanied by any family members. However, her father testified that she entered the United States with him, her five siblings, and either one other man or a man and a woman, both of whom were unrelated to the family. Relying on this discrepancy, the Immigration Judge found that the respondent gave false testimony at her hearing. Based on that finding and the fact that in 1997, the respondent filed a fraudulent asylum application to obtain employment authorization when she was not, in fact, eligible for this benefit, the Immigration Judge held that she was precluded under section 101(f)(6) of the Act from establishing good moral character and was therefore statutorily ineligible for cancellation of removal.

On remand, the Immigration Judge clarified that the respondent's false testimony was not made with the subjective intent to obtain a benefit under the Act and was therefore not a basis to find her barred from establishing good moral character under section 101(f)(6) of the Act. However, he reaffirmed his previous finding in that regard based on the respondent's fraudulent asylum application, which she filed to obtain employment authorization.

The Immigration Judge also reaffirmed his determination that the respondent's request for relief should be denied in the exercise of discretion. In addition to the above negative considerations, he relied on the respondent's 2001 divorce from her abusive husband and her subsequent long-term relationship with another man, with whom she had three children. *See Matter of A-M-*, 25 I&N Dec. 66, 77–78 (BIA 2009) (finding that an

alien's divorce from an abusive spouse, remarriage, and previous self-petition for relief based on the abusive marriage are relevant factors in determining whether an application for special rule cancellation of removal under section 240A(b)(2) of the Act should be granted in the exercise of discretion). Finding that these were significant adverse factors, the Immigration Judge determined that they outweighed the respondent's equities.

The respondent first contends that the Immigration Judge erred in making an adverse credibility finding. Assuming that he relied on the adverse credibility finding and her 1997 asylum application in concluding that she lacked good moral character, the respondent asserts that this determination was also in error, although she maintains that the Immigration Judge did not adequately explain his decision in this respect. Moreover, the respondent argues that the Immigration Judge erred in finding that she does not merit relief in the exercise of discretion. Specifically, she asserts that he did not fully consider all of the relevant equities in her case or adequately address the differences between her case and the facts in *Matter of A-M-*. Finally, she asserts that she was denied a fair hearing during the course of remanded proceedings. We will address each argument in turn.

We first note that under section 101(d) of the REAL ID Act of 2005, Division B of Pub. L. No. 109-13, 119 Stat. 302, 304, an adverse credibility finding may be based on internal inconsistencies within the respondent's testimony or inconsistencies between her testimony and that provided by other witnesses.[2] *See* section 240(c)(4)(C) of the Act, 8 U.S.C. § 1229a(c)(4)(C) (2012); *see also Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (holding that any inconsistency may be relied on to support an adverse credibility finding under the REAL ID Act so long as the lack of credibility is established by the totality of the circumstances (citing *Xiu Xiu Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008))).

The Immigration Judge based his adverse credibility finding on discrepancies between the respondent's testimony and that provided by her father relating to the identities of the individuals who entered the United States with her. We discern no clear error in the Immigration Judge's adverse credibility determination because it is supported by the record, as well as specific and cogent reasons for his finding. *See Wang v. Holder*, 569 F.3d at 538; *Zhang v. Gonzales*, 432 F.3d 339, 344–45

---

[2] Because the respondent filed her application for special rule cancellation of removal after May 11, 2005, the provisions of the REAL ID Act apply to her case. *See* REAL ID Act of 2005 § 101(h)(2), 119 Stat. at 305; *Matter of S-B-*, 24 I&N Dec. 42, 44–45 (BIA 2006).

(5th Cir. 2005); *see also* 8 C.F.R. § 1003.1(d)(3)(i). Accordingly, we decline to disturb the Immigration Judge's adverse credibility determination.

Turning to the issue of good moral character, we agree with the respondent that in order to give rise to a statutory bar, any relevant considerations generally must fall within the 3-year period preceding the entry of a final administrative order. *See* section 240A(b)(2)(A)(iii) of the Act (establishing the 3-year good moral character period); *Matter of Garcia*, 24 I&N Dec. 179, 182–83 (BIA 2007) (explaining that an application for special rule cancellation of removal is a continuing one and that the good moral character period, which is coterminous with the period of continuous physical presence, accrues until the entry of a final administrative order); *Matter of Ortega-Cabrera*, 23 I&N Dec. 793, 797–98 (BIA 2005) (stating that the period of good moral character is calculated backward from the date of the final administrative decision).

Because the filing of the respondent's 1997 asylum application fell outside the 3-year period, we need not consider whether that application would otherwise prevent her from establishing good moral character under section 101(f)(6) of the Act. Moreover, since the Immigration Judge determined on remand that the respondent's false testimony regarding her entry was not given for the purpose of obtaining an immigration benefit, there are no identified statutory bars to a favorable good moral character determination. *See* sections 101(f)(6), 240A(b)(2)(A)(iii) of the Act. Assuming that the adverse credibility finding and the respondent's fraudulent asylum application are relevant to whether the "catchall" provision at section 101(f) is triggered, we conclude that these factors alone are not so significant as to prevent the respondent from meeting her burden of proof in establishing good moral character.

With respect to the issue of discretion, we recognize that the respondent has the following significant equities: (1) her residence in the United States for more than 20 years; (2) her family ties in this country, including her six United States citizen children and lawful permanent resident parents; (3) the hardship that the respondent, her children, and her parents would experience should she be removed from the United States; (4) the absence of any criminal record; and (5) the fact that she has never worked in the United States without authorization. As relevant negative factors, the Immigration Judge properly considered the adverse credibility determination and the respondent's fraudulent asylum application, which was filed in 1997 in an attempt to obtain employment authorization. He also relied on *Matter of A-M-* in heavily weighing the respondent's 2001 divorce from her abusive husband and her long-term relationship with another man as adverse factors.

The respondent argues that the long-past ending of her abusive relationship is not a relevant factor in the discretionary analysis. We disagree because a purpose of VAWA relief is to empower aliens to leave abusive relationships. *See Matter of A-M-*, 25 I&N Dec. at 77–78. However, we do agree that the respondent's case is distinguishable from *Matter of A-M-*, where we denied special rule cancellation of removal in the exercise of discretion because, among other things, the respondent had previously obtained her lawful permanent residence through a VAWA provision. *Id*. at 78. We held that the VAWA provisions "should not be invoked *again* to benefit an alien when the past abusive relationship has ended and the former abusive spouse no longer poses a threat." *Id*. (emphasis added).

Although the respondent is no longer in the abusive relationship, she has not previously received VAWA relief, nor does she have any other currently available means of regularizing her status. Despite the fact that her divorce from her abusive husband and her subsequent long-term relationship with another man weigh against a favorable exercise of discretion, we conclude that the respondent's significant equities outweigh these and the other adverse factors presented.

Consequently, we disagree with the Immigration Judge's determination that the respondent is statutorily ineligible for special rule cancellation of removal under section 240A(b)(2)(A)(iii) of the Act and that she does not merit a favorable exercise of discretion. Accordingly, the respondent's appeal will be sustained and the record will be remanded for the purpose of completing the requisite background checks. In light of our disposition in this matter, we find it unnecessary to consider the respondent's other arguments on appeal.

**ORDER:** The respondent's appeal is sustained.

**FURTHER ORDER:** Pursuant to 8 C.F.R. § 1003.1(d)(6), the record is remanded to the Immigration Judge for the purpose of giving the Department of Homeland Security the opportunity to complete or update identity, law enforcement, or security investigations or examinations, for further proceedings, if necessary, and for the entry of an order as provided by 8 C.F.R. § 1003.47(h) (2013).