# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2023

Lyle W. Cayce
Clerk

No. 19-60827

KARLA YADIRA LARA CANALES,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 528 344

Before JOLLY, DENNIS, and HIGGINSON, *Circuit Judges*.

E. GRADY JOLLY, *Circuit Judge*:*

This appeal arises from the Board of Immigration Appeals' (BIA) denial of Karla Yadira Lara Canales's motion to reopen her removal proceedings. The BIA denied her motion to reopen as untimely, leaving the order of removal in place. We now VACATE the BIA's denial of Lara Canales's motion to reopen and REMAND so that the BIA may properly consider whether Lara Canales is entitled to equitable tolling.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 19-60827

## I.

The Attorney General may allow otherwise-removable aliens to remain if they have accrued 10 years of continuous physical presence in the United States—a discretionary form of relief otherwise known as "cancellation of removal." Under the statutory "stop-time rule," the period of continuous presence terminates when either of two events occurs: (1) an alien is served with a notice to appear (NTA), or (2) an alien commits an enumerated criminal offense. 8 U.S.C. § 1229b(d)(1).

If the BIA orders an alien removed, that alien may file a motion to reopen the removal proceedings. This form of procedural relief allows aliens to ask the BIA to reconsider its removal decision "in light of newly discovered evidence or a change in circumstances since the hearing." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 339 (5th Cir. 2016) (quoting *Dada v. Mukasey*, 554 U.S. 1, 12 (2008)). These motions, however, must be filed no later than 90 days after the entry of a final administrative decision. *Id.* (citing 8 U.S.C.§ 1229a(c)(7)).

The BIA issued its final administrative decision when it ordered Lara Canales to be removed in August 2006.[1] As is often the case, Lara Canales was not removed. In the meantime, the law changed when the Supreme Court decided *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). In *Pereira*, the Court held that a "putative notice to appear that fails to designate the specific time or place of the [alien]'s removal proceedings is not a 'notice to appear under section 1229(a),' and so does not trigger the stop-time rule." 138 S. Ct. at 2113–14. Less than 90 days after the *Pereira* decision, Lara Canales filed a motion to reopen, arguing that because her 2006 NTA was defective, she had accrued the necessary period of continuous presence to be eligible for

---

[1] This removal order arose from a reversal of the immigration judge's initial determination that Lara Canales was entitled to asylum.

cancellation of removal. Stated differently, because her NTA failed to specify the time and date that her removal proceedings would take place, it did not trigger the stop-time rule. And although she conceded that her motion to reopen was filed more than 90 days after the entry of her removal order in 2006, Lara Canales argued she was entitled to equitable tolling of the limitations period based on the extraordinary circumstance of a change in law—that is, the *Pereira* decision.

Nevertheless, the BIA denied her motion to reopen as untimely, explaining that no statutory or regulatory exception to the general limitations period applied. The BIA further noted that, notwithstanding *Pereira*, Lara Canales would still be ineligible for cancellation of removal because of two alternative events that triggered the stop-time rule: (1) subsequent service of her notice of hearing that "perfected" any defects in the NTA and (2) the entry of her final administrative decision in 2006.

Lara Canales now appeals. She argues, *inter alia*, that (1) she is eligible for cancellation of removal because her defective NTA did not trigger the stop-time rule, and (2) her motion to reopen is not barred as untimely because she was entitled to equitable tolling.[2] Here, the BIA's conclusion that Lara Canales was not entitled to equitable tolling implicitly rests on its finding that Lara Canales was not newly eligible to seek cancellation of removal as a result of the *Pereira* decision. Thus, to address Lara Canales's equitable tolling argument, we must answer an underlying question: Whether the BIA erred in concluding that there was no extraordinary circumstance that might warrant tolling of the limitations period.

---

[2] Lara Canales argues that the immigration court lacked jurisdiction over her removal proceedings. Lara Canales's jurisdictional argument is squarely foreclosed by our decision in *Pierre-Paul v. Barr*—a decision in which this court held that *Pereira* had no effect on the immigration court's jurisdiction over removal proceedings. 930 F.3d 684, 689–90 (5th Cir. 2019), *abrogated on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).

No. 19-60827

## II.

We review the BIA's denial of a motion to reopen under the "highly deferential" abuse of discretion standard. *Lugo-Resendez*, 831 F.3d at 340 (quoting *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (per curiam)). Such an abuse of discretion occurs if the BIA's decision "is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (quoting *Barrios-Cantarero*, 772 F.3d at 1021).

## III.

As we have earlier indicated, a motion to reopen under 8 U.S.C. § 1229a(c)(7) must "be filed within 90 days of the date of entry of a final administrative order." This deadline, however, is subject to equitable tolling. *Lugo-Resendez*, 831 F.3d at 344. Equitable tolling requires that a petitioner establish, "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Id.* (quoting *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016)).

This court has recognized that changes in law may constitute an extraordinary circumstance justifying equitable tolling of the deadline for seeking statutory reopening. *Id.* at 343–44. For example, in *Lugo-Resendez*, this court was presented with an equitable tolling claim based on a change in law where an alien's conviction no longer rendered him deportable. *Id.* Although the court declined to determine if the deadline should have been tolled, it remanded the alien's claim so that the BIA could properly consider whether the alien was entitled to equitable tolling based on the change in law. *Id.* at 344.

4

No. 19-60827

Here, Lara Canales concedes that her motion was filed outside the 90-day deadline, but contends that she is entitled to equitable tolling because (1) the *Pereira* decision was an extraordinary circumstance that rendered her newly eligible to seek cancellation of removal and (2) she diligently pursued her rights by filing her motion to reopen within 90 days of the *Pereira* decision. In rejecting Lara Canales's equitable tolling arguments, the full extent of the BIA's analysis was that she "has not shown that any of the statutory or regulatory exceptions to the general time limitations on motions to reopen apply to her case."[3]

Usually, we defer "to the BIA's interpretation of immigration regulations if th[e] interpretation is reasonable." *Barrios-Cantarero*, 772 F.3d at 1021 (citing *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006)). But in this case, it is not.

The BIA reasoned that Lara Canales's continuous physical presence had stopped accruing after the service of her defective NTA because it was subsequently "cured" by her notice of hearing. Alternatively, the BIA reasoned that Lara Canales had not been present in the United States for 10 years at the time of her removal order because the issuance of her final administrative order in 2006 triggered the stop-time rule.

We begin our review by observing that *Pereira* made clear that a defective NTA will not stop the running of the 10-year continuous time period. *See* 138 S. Ct. at 2113–14 (holding that a putative NTA that fails to designate the specific time or place of the noncitizen's removal proceedings

---

[3] We additionally hold that the single sentence from the BIA, devoid of any analysis, is insufficient for us to conclude that the BIA appropriately considered Lara Canales's equitable tolling argument. *See Sylejmani v. Sessions*, 729 F. App'x 317, 321 (5th Cir. 2018) (per curiam) (holding the BIA abused its discretion in denying a motion to reopen as untimely filed when the BIA did not provide a reasoned explanation for its denial and provided only conclusory statements that the motion was untimely).

does not trigger the stop-time rule). Further, the Supreme Court's decision in *Niz-Chavez v. Garland* forecloses the BIA's conclusion that the notice of hearing Lara Canales received later "perfected" the deficient NTA. *See* 141 S. Ct. 1474, 1486 (2021) (holding that to trigger the stop-time rule, a NTA must come in the form of a single document). Thus, the BIA erroneously determined that Lara Canales was ineligible for cancellation of removal on the basis that her NTA combined with her subsequent notice of hearing was adequate to trigger the stop-time rule.

The BIA's alternative basis for holding that Lara Canales had not been present in the United States for the requisite 10-year period is also legal error. As the BIA noted, the final removal order was entered in 2006—around one year after Lara Canales came to the United States. The BIA cited its own decision in *Matter of Garcia*, 24 I. & N. Dec. 179, 181 (BIA 2007), as authority for the proposition that "continuous physical presence only continues to accrue until the entry of a final administrative decision." But this ruling, too, is error: a final order of removal does not trigger the stop-time rule and terminate continuous physical presence. *Parada v. Garland*, 48 F.4th 374, 377 (5th Cir. 2022) (per curiam). This court recently held that the text of the stop-time rule is clear: the clock only stops when an alien is served with a proper NTA under section 1229(a) or when an alien has committed an enumerated offense under section 1229b(d)(1). *See id.* Neither of the two triggering events occurred here.

Accordingly, each of the BIA's bases for determining that Lara Canales had not accrued the continuous physical presence required for eligibility of cancellation of removal was legal error. We now hold that Lara Canales is statutorily eligible to seek cancellation of removal. However, this holding does not automatically entitle Lara Canales to have her motion to reopen heard on the merits. The BIA must, upon remand, engage in the fact-intensive determination of whether the 90-day deadline on motions to reopen

should be tolled because of the extraordinary circumstance presented by *Pereira*. If the BIA determines Lara Canales satisfies the requirements for equitable tolling, she may then present her motion for a determination on its merits.

We therefore VACATE the BIA's denial of Lara Canales's motion to reopen and REMAND this case for further consideration not inconsistent with this opinion.

VACATED and REMANDED.