Montalvo-Montalvo v. Garland

BIA
Ruehle, IJ
A098 322 976

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

JOSE GUADALUPE MONTALVO-
MONTALVO,
> *Petitioner,*

v.                                                     **20-2758**
                                                       **NAC**

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               Jose Perez, Esq., Syracuse, NY.

FOR RESPONDENT:               Brian Boynton, Acting Assistant Attorney
                              General; Keith I. McManus, Assistant Director;
                              Spencer S. Shucard, Trial Attorney, Office of

Immigration Litigation, United States
Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Jose Guadalupe Montalvo-Montalvo, a native and citizen of Mexico, seeks review of a July 20, 2020, decision of the BIA affirming an October 7, 2019, decision of an Immigration Judge ("IJ") denying Montalvo-Montalvo's motion to reopen. *In re Jose Guadalupe Montalvo-Montalvo,* No. A098 322 976 (B.I.A. July 20, 2020), *aff'g* No. A098 322 976 (Immig. Ct. Buffalo Oct. 7, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

To reopen removal proceedings, Montalvo-Montalvo was required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). It is undisputed that Montalvo-Montalvo's 2019 motion to reopen was untimely because it was filed 13 years after his 2006 removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).

The agency concluded that Montalvo-Montalvo's motion did not warrant equitable tolling, which would have excused the untimeliness of his motion insofar as he sought to apply for cancellation of removal, because he had not accrued the ten years of physical presence in the United States required for that relief. *See* 8 U.S.C. § 1229b(b)(1)(A). The agency appropriately concluded that Montalvo-Montalvo's notice to appear ("NTA") was insufficient to stop his accrual of physical presence because it did not include the time and date of his initial hearing, but concluded that defect was cured when he received a hearing notice providing the missing information. As the Government acknowledges, the Supreme Court rejected that position in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). Accordingly, the agency erred in concluding that Montalvo-Montalvo's accrual of presence stopped at the time of his hearing notice.

The Government, despite its concession of error, argues that remand would be futile because Montalvo-Montalvo's 2006 removal order stopped his accrual of physical presence before he acquired the 10 years required for cancellation. In support of that proposition, the Government relies on precedent from the BIA that relates to cases "prior to the enactment of the 'stop-time' rule in section 240A(d)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(d)(1)." *In re Garcia*, 24 I. & N. Dec. 179, 181 (B.I.A. 2007); *see also In re Ortega-Cabrera*, 23 I. & N. Dec. 793, 794 (B.I.A. 2005). After considering § 1229b(d)(1), however, the BIA has held that the statute "plainly and unambiguously provides that a final administrative order of removal does not trigger the stop-time rule," which "is only triggered by the service of a compliant notice to appear or the commission

3

of certain, specified criminal offenses." *Matter of Yun-Xia Chen*, 28 I. & N. Dec. 676, 679, 681 (B.I.A. 2023). We cannot say that remand would be futile because of the BIA's interpretation of § 1229b(d)(1).

We also cannot say as a matter of law that remand would be futile due to the untimeliness of Montalvo-Montalvo's motion to reopen. The agency should determine in the first instance whether Montalvo-Montalvo acted diligently in moving to reopen in 2019 following the United States Supreme Court's 2018 decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (explaining that this Court "is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" than the one on which the agency relied"). Accordingly, we grant the petition to the extent it challenges the denial of reopening to apply for cancellation of removal and remand for the agency to correct its error. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

We deny the petition to the extent that Montalvo-Montalvo challenges the agency's denial of his motion to reopen to apply for asylum and related relief. Although the time limit for motions to reopen does not apply if reopening is sought to apply for asylum and the motion is "based on changed country conditions," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), Montalvo-Montalvo did not establish such conditions because he did not submit country conditions evidence or

4

provide dates for the alleged harm his family suffered, *see Tanusantoso v. Barr*, 962 F.3d 694, 698 & n.10 (2d Cir. 2020) (relying on *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.")).   Nor did Montalvo-Montalvo demonstrate that he warranted equitable tolling to permit him to reopen to apply for asylum and related relief because he did not allege facts showing that he was prevented from applying for such relief in his underlying proceedings.   *See Iavorski v. U.S. INS*, 232 F.3d 124, 129 (2d Cir. 2000) ("Equitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." (quotation marks and brackets omitted)); *see also Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of a filing.").

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5