# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60491
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2015

Lyle W. Cayce
Clerk

VICTOR ANTONIO REYES-BONILLA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 789 463

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Victor Antonio Reyes-Bonilla petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) denial of his motion to reopen in absentia removal proceedings and dismissing his appeal. He also moves for a remand to the BIA to consider whether he has made a showing for relief from removal based on new evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60491

Reyes-Bonilla raises three claims in his petition for review: (1) the BIA erred by determining that he did not provide sufficient evidence to corroborate his claim that he was unable to attend the removal hearing because he was suffering from amnesia and depression, (2) the BIA erred by rejecting his argument that he did not have notice of the hearing, and (3) the BIA erred by failing to sua sponte reopen the removal proceedings.  He does not expressly challenge the BIA's determination that he is ineligible to apply for asylum, withholding of removal, and relief under the Convention Against Torture.  Thus, he has waived any challenge to that issue.  *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Reyes-Bonilla's motion to reopen was filed years after the order of removal, 8 U.S.C. § 1229a(b)(5)(C)(i) is inapplicable.  Further, the BIA's decision that there was no basis for reopening the removal proceedings under § 1229a(b)(5)(C)(ii) was not "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  Accordingly, the BIA did not abuse its discretion in affirming the IJ's decision on that ground.  *See id.*

Additionally, we note that even if the immigration statutes are subject to equitable tolling, Reyes-Bonilla has failed to show that such tolling would apply.  *See Mata v. Lynch*, 135 S. Ct. 2150, 2156 & n.3 (2015) (expressing no opinion as to whether the immigration statutes allow equitable tolling).  He did not expressly argue before the IJ or BIA that § 1229a should be equitably tolled and does not challenge in his petition for review the BIA's determination that he failed to diligently pursue relief.  Accordingly, he has waived any

2

challenge to that determination.  *See Chambers*, 520 F.3d at 448 n.1; *Brinkmann*, 813 F.2d at 748.

Insofar as Reyes-Bonilla argues that the BIA violated his due process rights by failing to consider the facts and circumstances of his case in determining whether to sua sponte reopen the removal proceedings, "discretionary relief from removal . . . is not a liberty or property right that requires due process protection." *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).  He also argues that the BIA erred in declining to sua sponte reopen the proceedings.  However, we lack jurisdiction to review the BIA's discretionary decision whether to exercise its sua sponte authority to reopen removal proceedings.  *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004).

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.  The motion for remand is DENIED.