# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60428
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2016

Lyle W. Cayce
Clerk

JEAN CLAUDE MUVUNYI,

Petitioner,

versus

LORETTA LYNCH, U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 456 018

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jean Muvunyi, a native and citizen of Rwanda, petitions for review of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60428

the dismissal by the Board of Immigration Appeals ("BIA") of his appeal of the denial by the immigration judge ("IJ") of his 2015 motion to reopen his removal proceedings. Muvunyi maintains that the BIA erred in denying the motion to reopen regarding the denial of his request for protection under the Convention Against Torture ("CAT"). He does not contend that the BIA erred in denying his motion to reopen regarding his requests for asylum and withholding of removal. Accordingly, he has abandoned those issues. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the BIA's denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). We review questions of law *de novo* and factual findings under the substantial-evidence test. *Id.*

Muvunyi claims that the BIA applied the wrong standard of review in denying the motion to reopen. He urges that the BIA should have considered whether he had made a *prima facie* showing that he was entitled to CAT protection instead of considering whether the new evidence that he submitted in support of the motion to reopen would likely change the result. Because, as explained below, Muvunyi has not made a *prima facie* showing that he is entitled to CAT protection, any error by the BIA regarding the applicable standard of review was harmless. *See Cantu-Delgadillo v. Holder*, 584 F.3d 682, 690 (5th Cir. 2009).

Additionally, Muvunyi posits that the BIA erred in determining that he did not explain why allegedly new evidence regarding a 2010 assassination

attempt against Kayumba Nyamwasa, a former Rwandan military officer who had fled to South Africa because of his opposition to the Rwandan government, was not or could not have been presented at the merits hearing. The BIA is foreclosed from granting motions to reopen unless "it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]" 8 C.F.R. § 1003.2(c)(1). Because evidence of the 2010 attempted assassination of Nyamwasa was available during the merits hearing, the BIA did not abuse its discretion in refusing to consider that evidence in denying the motion to reopen.

Muvunyi also argues that the BIA erred in focusing on whether he presented evidence addressing the IJ's credibility determination, especially regarding inconsistencies that the IJ had found regarding Muvunyi's relationship with Nyamwasa. Muvunyi contends that his new evidence made a *prima facie* showing that he was entitled to CAT protection.

To receive protection under the CAT, Muvunyi had the burden to establish that it was "more likely than not" that he would be tortured if removed to Rwanda. *See* 8 C.F.R. § 1208.16(c)(2); *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010). Torture is defined, *inter alia*, as any act by which severe pain or suffering is intentionally inflicted on a person for such purposes as punishing, intimidating, or coercion, or for any reason based on discrimination of any kind, by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity. § 1208.18(a)(1). To constitute torture, an act must be "an extreme form of cruel and unusual punishment." § 1208.18(a)(2). The following evidence may factor into a determination whether it is more likely than not that a person will be tortured if removed to the proposed country: (1) evidence of past torture; (2) evidence that the applicant could relocate where he would not likely be tortured; (3) evidence of mass

violations of human rights within the country; and (4) any other relevant information. § 1208.16(c)(3).

Although Muvunyi challenges the BIA's reliance on the IJ's credibility determination, the relevance of evidence regarding Nyamwasa's attempted assassination hinges on the issue whether Muvunyi's testimony regarding his relationship with Nyamwasa was credible. In any event, the evidence submitted by Muvunyi in support of the motion to reopen does not make a *prima facie* showing that he is entitled to CAT protection.

Evidence regarding (1) Muvunyi's friend's alleged vague assertion that Muvunyi was on a list of persons whom the Rwandan government intended to "harm" and (2) Muvunyi's mother's alleged statement that men had searched her house to see if he had been there or had contacted her is insufficient for *prima facie* proof that it is "more likely than not" that Muvunyi will be tortured if he were removed to Rwanda. *See* § 1208.16(c)(2), (3). Additionally, media articles describing the attempted assassination of Nyamwasa and the assassination of another former Rwandan military leader after they fled to South Africa do not demonstrate mass violations of human rights within Rwanda, nor do they otherwise make a *prima facie* showing that Muvunyi is entitled to CAT protection. *See id.* Accordingly, Muvunyi has not demonstrated that the BIA abused its discretion in denying the motion to reopen.

The petition for review is DENIED.