# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60616
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2016

Lyle W. Cayce
Clerk

JORGE ALBERTO PERDOMO-ALCANTARA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 716 096

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Jorge Alberto Perdomo-Alcantara, a native and citizen of Honduras, was ordered removed *in absentia* in 2014 after he failed to appear at his 2014 removal hearing in Dallas, Texas, for which he concedes he had notice. Approximately a month after the removal order, he moved to reopen the proceedings and rescind the order, asserting his failure to appear was due to exceptional circumstances. The immigration judge (IJ) denied the motion in

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2015, and the Board of Immigration Appeals (BIA) dismissed Perdomo's appeal.

Perdomo petitions for review of the BIA's decision, contending:  (1) the IJ erred in finding he had not demonstrated exceptional circumstances excusing his failure to appear at the removal hearing; and (2) the IJ's denial of the motion to reopen violated his due-process right to a full and fair removal hearing.  Because Perdomo did not exhaust the second claim by presenting it to the BIA, we lack jurisdiction to consider it.  *See* 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *Wang v. Ashcroft*, 260 F.3d 448, 452–43 (5th Cir. 2001).

With regard to Perdomo's exhausted claim concerning exceptional circumstances, we review the decisions of both the BIA and the IJ, applying "a highly deferential abuse-of-discretion standard".  *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014); *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  An IJ abuses his discretion when he "issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies".  *Barrios-Cantarero*, 772 F.3d at 1021.  Factual findings are reviewed for substantial evidence.  *Wang*, 569 F.3d at 536–37.

A motion to reopen an *in absentia* removal hearing will be granted if the alien "demonstrates that the failure to appear was because of exceptional circumstances".  8 U.S.C. § 1229a(b)(5)(C)(i).  Exceptional circumstances are those "beyond the control of the alien", including "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances".  8 U.S.C. § 1229a(e)(1).  "The plain

language of the statute indicates that this is a difficult burden to meet." *Magdaleno de Morales v. I.N.S.*, 116 F.3d 145, 148 (5th Cir. 1997).

Perdomo contends he demonstrated exceptional circumstances based on: the short time between his release from Department of Homeland Security custody and the hearing date (during which he had to obtain counsel and prepare an asylum application); his moving from Texas to Virginia approximately ten days prior to the hearing date; and his reliance on counsel's deficient advice that venue would be changed from Texas to Virginia after submission of a change-of-address form.

As stated for the earlier referenced unexhausted claim, we lack jurisdiction to consider Perdomo's ineffective-assistance-of-counsel assertion because he did not exhaust it by presenting it to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Roy*, 389 F.3d at 137; *Wang*, 260 F.3d at 452–53. His remaining assertions amount to a contention that an alien's lack of preparation, inability to timely retain counsel, or financial difficulties are sufficient to excuse failure to appear at a scheduled hearing.

None of the asserted circumstances, however, resemble those deemed sufficiently compelling in 8 U.S.C. § 1229a(e)(1). Even if such circumstances did justify Perdomo's failure to appear, he nonetheless failed to make adequate efforts to avoid entry of the *in absentia* removal order by informing the IJ in advance of his extenuating circumstances or moving to continue the hearing. *See Magdaleno de Morales*, 116 F.3d at 149 (explaining that courts expect adequate efforts to avoid entrance of *in abstentia* orders). Along that line, although Perdomo asserts he filed a change-of-address form when he moved to Virginia, the administrative records contain no such notice.

Based on the foregoing, Perdomo fails to show that the IJ's refusal to reopen his *in absentia* removal proceedings was "capricious, without

foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009); *see Wang*, 569 F.3d at 536–37. Consequently, the BIA did not abuse its discretion in dismissing his appeal. *See Barrios-Cantarero*, 772 F.3d at 1021.

DISMISSED IN PART and DENIED IN PART.