# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60545

GUSTAVO BARRIOS-CANTARERO,

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Petitioner

Lyle W. Cayce
Clerk

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before STEWART, Chief Judge, and JONES and HIGGINSON, Circuit
Judges.

PER CURIAM:

Petitioner Gustavo Barrios-Cantarero petitions this court for review of
the Board of Immigration Appeals' ("BIA") decision affirming the Immigration
Judge's ("IJ") denial of his motion to reopen removal proceedings and rescind
an in absentia removal order. *See* 8 U.S.C. §§ 1229a(b)(5)(C)(ii) and (c)(7)(C)(ii)
For the following reasons, we GRANT the petition.

On May 30, 2001, Gustavo Barrios-Cantarero ("Barrios-Cantarero"), a
native and citizen of Guatemala, entered the United States near Fabens,
Texas, with his brother, Adrian Eliseo Barrios-Cantarero ("Adrian Eliseo").
U.S. Border Patrol agents apprehended the brothers shortly after entry. The

agents gave each brother a separate Notice to Appear ("NTA"), ordering each to appear before an immigration judge on "a date to be set" and at "a time to be set." Before being released on his own recognizance, Barrios-Cantarero provided the agents with an address in Fremont, California, where he would be staying with family. Adrian Eliseo provided the same address.

On June 28, 2001, the immigration court sent one Notice of Hearing ("NOH") to the Fremont, California, address. The NOH was addressed only to Adrian Eliseo and stated that it served as notice to the "Alien" for a "hearing" to be conducted on September 25, 2001, in the "above captioned case." Problematically, the header of the document contained two case citations, one for each brother.

Barrios-Cantarero failed to attend his September 25, 2001, removal hearing and an in absentia removal order was entered against him. That same day, the immigration court sent a letter containing a number of documents to Barrios-Cantarero at his Fremont address. This time, the letter was addressed directly to Barrios-Cantarero and contained documents pertaining solely to his proceedings. Among the documents were a copy of the warrant that had been served upon him while he had been detained, a copy of the NTA, a copy of the government memorandum notifying the immigration Court that he had been released on his own recognizance, a copy of the in absentia removal order, and information regarding the BIA review process. The letter contained no reference to the NOH that had been sent to Adrian Eliseo.

More than a decade later, Barrios-Cantarero moved to reopen his removal proceedings and rescind the in absentia order, claiming that he failed to receive proper notice, and in the alternative, that changed conditions in

No. 13-60545

Guatemala entitled him to reopen proceedings.[1]  The IJ denied the motion to reopen, determining that the petitioner had received proper notice of the hearing and that conditions in Guatemala had not changed materially since the time of the original hearing.  The BIA affirmed the IJ and this petition for review followed.

## STANDARD OF REVIEW

This Court reviews the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).  The Board abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies. *Zhao*, 404 F.3d at 303; *Alarcon-Chavez v. Gonzales*, 403 F.3d 343, 345 (5th Cir. 2005) ("[W]e conclude that it was legal error, and therefore abuse of discretion.").  The BIA's conclusions of law are reviewed *de novo,* although deference is given to the BIA's interpretation of immigration regulations if that interpretation is reasonable.  *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006).  Factual findings are reviewed for substantial evidence.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

## DISCUSSION

Despite the high review bar, the BIA abused its discretion by denying Barrios-Cantarero's motion to reopen, because insufficient notice of the removal proceedings entitled him to reopen proceedings at any time.  8 U.S.C. § 1229a(b)(5)(C)(ii)

---

[1] Because we resolve the case under the "proper notice" grounds contained in 8 U.S.C. § 1229a(b)(5)(C)(ii), we need not address the "changed conditions" argument based on 8 U.S.C. § 1229a(c)(7)(C)(ii).

3

No. 13-60545

The Immigration and Nationality Act ("INA") requires the government to give written notice that specifies the "time and place" of removal proceedings to an alien charged with being subject to removal. 8 U.S.C. § 1229(a)(1)(G)(i). This written notice must be given either in person or "through service by mail to the alien or to the alien's counsel of record." 8 U.S.C. § 1229(a)(1) & (2)(A). If an alien proves that he did not receive notice in compliance with the Act, the alien is entitled to rescind the in absentia ruling and reopen the proceedings. 8 U.S.C. § 1229a(b)(5)(C)(ii).

Federal regulations give further guidance as to the proper interpretation of the INA's requirement that the government give notice "to the alien." 8 C.F.R. § 103.8(a)(1)(i) states that notice must be "addressed to the affected party" and the party's representative of record. After the alien reaches the age of fourteen, notice is generally sent to directly to the alien, rather than a guardian. *Cf.* 8 C.F.R. § 103.8(c)(2)(ii) (requiring notice be given to an adult if the alien is under fourteen years of age); *Lopez-Dubon v. Holder*, 609 F.3d 642, 646 (5th Cir. 2010) (affirming propriety of serving a seventeen year old alien).

The BIA committed legal error by determining that Barrios-Cantarero was properly given notice through a letter addressed to Adrian Eliseo and therefore abused its discretion by denying his motion to reopen. The only document in the record that could possibly amount to notice for Barrios-Cantarero is a Notice of Hearing in Removal Proceedings addressed solely to Adrian Eliseo, a third-party alien also subject to removal proceedings. The body of that letter refers to a hearing in the "case," a singular noun. Similarly, the Certificate of Service explains that the document was served by mail on the "Alien," once again using a singular noun. The header of the letter does include two case citations, one for each brother. But given the singular language of the letter combined with the fact that it is only addressed to Adrian

4

No. 13-60545

Eliseo, the letter therefore only gives notice to Adrian Eliseo and does not appear to be helpful in providing notice to Barrios-Cantarero.

Aside from these deficiencies of the document, the federal regulations interpreting the INA require service of notice by mail to be *addressed to* the affected party and his representative of record in order for notice to be proper. 8 C.F.R. § 103.8(a)(1)(i). We review the BIA's conclusions of law *de novo,* but defer to the BIA's interpretation of immigration regulations, unless that interpretation is plainly erroneous or inconsistent with the regulations. *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006); *Silwany-Rodriguez v. I.N.S.*, 975 F.2d 1157, 1160 (5th Cir. 1992). Here, the BIA failed to apply 8 C.F.R. § 103.8(a)(1)(i) in determining whether Barrios-Cantarero had received proper notice of his hearing; its proper notice conclusion is owed no deference. The document is clearly not addressed to Barrios-Cantarero and therefore cannot be proper notice to him. Under 8 U.S.C. § 1229a(b)(5)(C)(ii), the lack of sufficient notice entitled Barrios-Cantarero to reopen his proceedings at any time. Accordingly, the BIA abused its discretion in denying Barrios-Cantarero's motion to reopen.[2]

The Department of Justice's ("DOJ") arguments why Barrios-Cantarero was properly served with notice are unpersuasive. First, DOJ argues that the brothers' cases had been consolidated, thus allowing the immigration court to address the letter to a single brother and still properly serve both of them with notice. DOJ also contends that notice addressed solely to Adrian Eliseo was proper since Barrios-Cantarero was under eighteen years old and his brother was an adult. Both positions are unconvincing.

---

[2] Because the NOH here was not addressed to Barrios-Cantarero, as required, any issue of "presumed delivery" is not before us.

5

The record contains no evidence that the brothers' cases were consolidated. In fact, the record suggests the opposite; all prior and subsequent correspondence and all proceedings dealt separately with each brother. The immigration court clerk's letter containing the in absentia order was addressed solely to Barrios-Cantarero, the in absentia order was entered against Barrios-Cantarero separately, the removal order was entered against Barrios-Cantarero separately, the Immigration and Customs Enforcement memorandum detailing Barrios-Cantarero's release was written and submitted to the immigration court separately, and Barrios-Cantarero was given a separate NTA and warrant when he was apprehended.

Adrian Eliseo's status as an adult while Barrios-Cantarero was under the age of eighteen also fails to cure the government's notice error. After age fourteen, notice need not be given to an alien's guardian. *Lopez-Dubon*, 609 F.3d at 646 (affirming propriety of serving a seventeen year old alien). Indeed, all other correspondence from the government was directed specifically to Barrios-Cantarero. Moreover, nothing in the record establishes Adrian Eliseo as Barrios-Cantarero's representative of record, even if he was Barrios-Cantarero's older brother. Therefore arguing for the propriety of the notice based on Adrian Eliseo's age still departs from the federal regulation, since it requires notice be addressed to the affected party.

Accordingly, the petition for review of the Board of Immigration Appeals decision is **GRANTED.**