# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60363
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2015

Lyle W. Cayce
Clerk

BORIS LEONEL CORTEZ-LUCERO,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 788 139

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Boris Leonel Cortez-Lucero, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of a motion to reopen his *in absentia* removal proceedings. Cortez-Lucero argues that the BIA erred in finding that he had received notice of the removal proceedings, that the lack of notice should result

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in equitable tolling or due process protections, and that he submitted sufficient evidence to support a claim under the Convention Against Torture (CAT).

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). The BIA's finding that Cortez-Lucero received notice of the removal proceedings is supported by substantial evidence: proof of personal service of the notice to appear that bore Cortez-Lucero's signature. The affidavit that Cortez-Lucero presented years later with his motion to reopen does not compel a contrary conclusion. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009); *see* 8 U.S.C. § 1252(b)(4)(B). In light of this determination, we need not address Cortez-Lucero's equitable tolling and due process arguments.

Cortez-Lucero also contends that his sworn declaration that he fears returning to El Salvador was sufficient evidence to support a claim of relief under the CAT. He concedes, however, that he did not file a CAT application, and neither he nor his attorney asserted that he sought CAT relief based on changed country conditions. Both were required. *See* 8 C.F.R. § 1003.23(b)(1), (4)(i). This claim thus fails.

The petition for review is DENIED.