# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60267
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2016

Lyle W. Cayce
Clerk

EDWIN ALFREDO HERNANDEZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 994 515

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Edwin Alfredo Hernandez is a native and citizen of El Salvador who was deported from the United States in 1990 and reentered at some unspecified time after that. He seeks our review of a decision by the Board of Immigration Appeals (BIA) denying his request to reopen his removal proceedings.

We review for abuse-of-discretion under a highly deferential standard. *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). The BIA's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

refusal to reopen sua sponte does not deprive us of jurisdiction to review the BIA's decision. *See Mata v. Lynch*, 135 S. Ct. 2150, 2155 (2015).

The BIA reasoned that the motion to reopen was untimely by more than 18 years from September 30, 1996, the latest date on which Hernandez could have timely filed it under 8 C.F.R.§ 1003.2(c)(2). The BIA also noted that Hernandez's bid for reopening was "number barred" because it was his third request. The BIA found no exceptional circumstances warranting sua sponte reopening. Hernandez has failed to brief the issues of the time bar, the number bar, or the BIA's discretion to reopen sua sponte.

These crucial issues therefore are abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (noting that unargued issues are deemed abandoned).

Instead, Hernandez argues inaccurately that the BIA failed to consider his contentions in light of a 1988 injunction affording certain procedural safeguards to Salvadorans. The injunction was set forth in *Orantes-Hernandez v. Meese*, 685 F. Supp. 1488, 1511-14 (C.D. Cal. 1988), and reaffirmed with slight modifications in *Orantes-Hernandez v. Gonzales*, 504 F. Supp. 2d 825 (C.D. Cal. 2007). Hernandez has not explained how the *Orantes-Hernandez* injunction affects his case.

The petition for review is DENIED.