# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2016

Lyle W. Cayce
Clerk

MARIE ANGE DOUX-BAHI,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 446 219

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marie Ange Doux-Bahi, a native and citizen of Ivory Coast, files a pro se petition with this court for review of a decision of the Board of Immigration Appeals (BIA) denying her motion for reconsideration of its order affirming an immigration judge's (IJ) decision dismissing her appeal and a motion to reopen proceedings. On appeal, Doux-Bahi argues that the BIA abused its discretion in denying her motions because (i) it overlooked certain facts in its dismissal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of her appeal and (ii) the BIA failed to consider certain "new facts" and "changed circumstances" that warrant relief.  Doux-Bahi submitted several articles and other published reports concerning the generally prevailing conditions in Ivory Coast in support of her motion.

"A motion to reopen is a form of procedural relief that asks the [BIA] to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Dada v. Mukasey*, 554 U.S. 1, 12 (2008) (internal quotation marks and citation omitted).  Such a motion should "state the new facts that will be proven" at a hearing that would be held if the motion were granted, and it should be "supported by affidavits or other evidentiary material."  8 C.F.R. § 1003.2(c)(1).  A motion to reopen "shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  § 1003.2(c)(1).

"This Court reviews the denial of a motion to reopen under a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted).  The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* "[M]otions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (internal citation and quotation marks omitted).

Doux-Bahi attached several documents to her motion to reopen, which she avers constitute "new evidence" that she will be targeted, harmed, and mistreated in the Ivory Coast based upon her status as a member of the Bete

tribe.  However, several of the publicly available articles and reports that she attaches to her motion predate the evidentiary hearing and, thus, cannot constitute evidence that "was not available and could not have been discovered or presented at the former hearing." § 1003.2(c)(1).  Further, the publicly available documents attached to her motion that postdate the IJ's decision do not contain any new information or evidence concerning the mistreatment of members of the Bete tribe that was not otherwise presented to and considered by the IJ.  Rather, the evidence Doux-Bahi submitted in support of her motion merely demonstrated that conditions in the Ivory Coast have not changed since the time of her evidentiary hearing in 2012.  As such, Doux-Bahi failed to establish that the BIA abused its discretion in denying her motion to reopen.

As to Doux-Bahi's motion for reconsideration, although Doux-Bahi's brief on appeal briefly mentions the statute governing motions to reconsider, § 1229(c)(6), and summarily states that the BIA erred in concluding that her "motion to reconsider did not identify any error of law or fact in its decision," Doux-Bahi does not then address the BIA's reasons for its denial or identify any error of law or fact or anything that the BIA overlooked in its decision.  Although this court generally construes pro se pleadings liberally, this court requires "that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993 (citation and internal quotation marks omitted).  Because Doux-Bahi fails to address the BIA's reasons for denying her motion to reconsider, she has waived and abandoned any such challenge to the BIA's denial.  *See Calderon-Ontiverso v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986) (holding that "[b]y failing to brief . . . issues, [petitioner] has waived our consideration of them").

For the foregoing reasons, Doux-Bahi's petition for review of the BIA's decision is DENIED.