# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60555
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2016

Lyle W. Cayce
Clerk

BELKYS FRANCELIA GRANADOS-GALDAMEZ,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 744 986

Before  BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Belkys Francelia Granados-Galdamez, a native and citizen of Honduras, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal of the denial of her motion to reopen her in absentia removal proceedings.  Granados-Galdamez argues only that she did not receive notice of the removal hearing and that therefore her due process rights were violated when the immigration judge ordered her removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60555

Granados-Galdamez has not shown that the BIA abused its discretion by denying her motion to reopen. *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). The record reflects that Granados-Galdamez was properly served, via personal service, with the notice to appear, which included the date, time, and place of the removal hearing and was also advised in Spanish of the consequences of failure to appear at the hearing. Moreover, we are jurisdictionally barred from considering her lack of notice argument because she did not raise it before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Because Granados-Galdamez received proper notice of the hearing, she cannot establish any due process violation. *See Barrios-Cantarero,* 772 F.3d at 1021; 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 U.S.C. § 1229(a)(1), (2).

Finally, the BIA determined that the motion to reopen was not a joint motion and that it was untimely because it was not filed within 180 days of the entry of the final order of removal. *See* § 1229a(b)(5)(C)(i). Granados-Galdamez does not address these issues in her brief, and, as such, she has abandoned them. *See Soadjede v. Ashcroft,* 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DENIED IN PART AND DISMISSED IN PART.