# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60727
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2017

Lyle W. Cayce
Clerk

OTTO ARTURO MAYEN PARAZA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 116 956

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Otto Arturo Mayen Paraza, a native and citizen of El Salvador, has filed a petition for review of orders from the Board of Immigration Appeals (BIA) denying his application for withholding of removal and denying his subsequent motion to reopen or reconsider. He also seeks the appointment of counsel and a stay of the proceedings pending adjudication of his pending Form I-918, Petition for U Nonimmigrant Status.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60727

We review the BIA's rulings of law de novo and its findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). The determination that an alien is not eligible for withholding of removal is a factual finding reviewed under the substantial evidence test. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

The denial of a motion to reopen is reviewed under a "highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.*

Mayen Paraza asserts that he was eligible for withholding of removal because he fears persecution on account of his membership in a particular social group consisting of "former witnesses against a crime in the United States." The applicant bears the burden of establishing "a claim based on membership in a particular social group and will be required to present evidence that the proposed group exists in the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 244 (BIA 2014).

Mayen Paraza presented no testimony that witnesses against crimes in the United States would be perceived as a group in Salvadoran society nor did he claim that anyone in El Salvador would identify him as belonging to such a group. *See Orellana-Monson v. Holder,* 685 F.3d 511, 522 (5th Cir. 2012). As such, the BIA did not err in rejecting Mayen Paraza's proposed social group and denying withholding of removal.

Additionally, Mayen Paraza argues that remand is warranted because the BIA failed to consider that he had experienced torture in the past during a

kidnapping that occurred in California 20 years ago, a fact that he claims supports his eligibility for relief under the Convention Against Torture (CAT). Because this claim is raised for the first time in his petition for review of his removal order, Mayen Peraza has failed to administratively exhaust the claim, and this court lacks jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1). Mayen Paraza also raises the argument that he was mentally incompetent and could not meaningfully participate in the removal proceedings. This claim is also unexhausted because it was not raised before the immigration judge (IJ) or the BIA. *See id.*

He also contends that his removal order violates his right to substantive due process under the state-created danger theory of liability. He claims that the theory applies in his case and invalidates his removal order because the Los Angeles Police Department made him testify as a witness for the prosecution in his kidnapping case. We have "never explicitly adopted the state-created danger theory." *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 864 (5th Cir. 2012). As such, Mayen Paraza has failed to allege a valid constitutional challenge to his removal order.

Finally, Mayen Paraza challenges the denial of his motion to reopen or reconsider. In his motion to reopen, Mayen Paraza complained that his former counsel had failed to raise certain arguments and present certain theories in support of his request for relief, such as the state-created danger exception discussed previously. He also complained that counsel had failed to point the IJ to certain record evidence—namely, a subpoena ordering him to appear as a witness in the kidnapping case. He further complained that counsel should have sought protection under the CAT and should have presented the State Department's country report on El Salvador to the IJ.

As the BIA correctly observed, none these claimed deficiencies relate to the dispositive issue of Mayen Paraza's failure to identify a viable social group such that he would be eligible for withholding of removal.  Mayen Paraza has not shown that the BIA abused its discretion in denying his motion to reconsider based on his claims of ineffective assistance of counsel.

Mayen Paraza also sought reconsideration on the basis that the IJ had erred in failing to consider proof of Mayen Paraza's kidnapping contained in the record (i.e., the subpoena) and in failing to address his eligibility for CAT protection in light of his testimony about being beaten while he was held captive.  Mayen Paraza never claimed to have been tortured in the past in El Salvador.  He also had not asserted a likelihood of torture by a public official or someone acting in an official capacity if returned to his homeland, which is the relevant consideration under the CAT.  *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006).  Therefore, the BIA did not err in denying his motion to reconsider on that basis.

While it is true that the IJ did not account for the subpoena and was incorrect in stating that there was no documentary evidence in the record to corroborate Mayen Paraza's testimony that he had been kidnapped and that he had testified in court against his captors, the BIA did not affirm that portion of the IJ's decision.  Instead, the basis of the removal order was Mayen Paraza's failure to identify a viable social group.  As such, Mayen Paraza cannot rely on the IJ's failure to consider the subpoena as a basis for reconsideration.

In light of the foregoing, the BIA did not err in rejecting Mayen Paraza's request for withholding of removal nor did it err in denying his subsequent motion to reopen or reconsider.  Accordingly, his petitions for review are DENIED.  Because he is not entitled to relief on either of his petitions for review, Mayen Paraza's motion for appointment of counsel is also DENIED.

No. 15-60727

Finally, his motion to stay the proceedings pending the resolution of his U visa application is DENIED.