# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60796
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2017

Lyle W. Cayce
Clerk

MARCELO SEIXAS DE CASTRO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 284 401

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marcelo Seixas de Castro, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of the Immigration Judge's (IJ) denying his motion to reopen. De Castro entered the United States unlawfully in May 2004. He was apprehended at a Houston checkpoint, and claims no one spoke to him in Portuguese or provided a translator. After being detained two months, de Castro was removed in August

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

2004. He re-entered without permission that October. In 2012, the Department of Homeland Security (DHS) served him with a notice of intent to reinstate the 2004 removal order. (De Castro asserts he came to the United States both times to flee persecution from criminal organizations and corrupt police officers.)

Upon receipt of DHS' notice of intent, de Castro filed, *inter alia*, motions to reopen his 2004 removal proceedings; the IJ, however, denied his motions holding, because de Castro reentered illegally after the original removal order, he had no right to a hearing before the IJ and no right to reopen. The BIA affirmed.

Final orders of removal are reviewed under 8 U.S.C. § 1252(a)(1), which "encompasses review of decisions refusing to reopen or reconsider such orders". *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015). A valid reinstatement is a final order of removal which we also have jurisdiction to review. *See Ojeda-Terrazas v. Ashcroft*, 290 F.3d 292, 294–95 (5th Cir. 2002). The denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard". *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)).

The Immigration and Nationality Act provides that, if "an alien has reentered the United States illegally after having been removed . . . the prior order of removal is reinstated from its original date". 8 U.S.C. § 1231(a)(5). Once DHS reinstates an order of removal, the original order "is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry". *Id.* As discussed *supra*, De Castro illegally reentered the United States after removal, and DHS reinstated the original 2004 removal order. De Castro fails to show the BIA abused its discretion in

No. 15-60796

concluding his motion to reopen was barred by § 1231(a)(5). *See Barrios*, 772 F.3d at 1021. Because § 1231(a)(5) likewise bars "any relief" under the provisions of that chapter, de Castro fails to show the BIA erred in failing to consider cancellation of removal because he was ineligible for such relief under the statute. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489–90 (5th Cir. 2015).

DENIED.