# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2017

Lyle W. Cayce
Clerk

No. 16-60321
Summary Calendar

JESSICA YESENIA VILLALOBOS-DIAZ; YESENIA SARAI PORTILLO-VILLALOBOS,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 804 011
BIA No. A206 804 151

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Jessica Yesenia Villalobos-Diaz and her minor daughter, both citizens and natives of El Salvador, petition this court for review of the order of the Board of Immigration Appeals (BIA) denying their motion to reopen. We review the denial of a motion to reopen for an abuse of discretion. *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60321

The petitioners contend that the BIA erred as a matter of law in denying their motion because they demonstrated that their original counsel was ineffective in failing to submit documents which would have corroborated their request for asylum.  By their argument, the petitioners simply complain that the BIA should have addressed their ineffective assistance claim on the merits.  However, they fail to brief any argument challenging the BIA's dispositive determinations that they failed to comply with the procedural requirements for bringing an ineffective assistance claim and that the new evidence submitted did not demonstrate their prima facie eligibility for any of the requested relief.  By failing to challenge the reasons for the BIA's decision, the petitioners have abandoned the sole issue for review.[1]  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Accordingly, the petition for review is DENIED.

---

[1] Inasmuch as the petitioners now also contend that the BIA violated their due process rights, we lack jurisdiction to consider these unexhausted arguments.  *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).