# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60132

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2018

Lyle W. Cayce
Clerk

JOSEPH SYLVA,

      Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

      Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 541 493

Before HIGGINBOTHAM, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

In May 2010, Joseph Sylva, a native and citizen of Gambia, was served with a Notice to Appear (NTA), charging him with removability pursuant to Section 237(a)(1)(B) of the Immigration and Nationality Act. In August 2016, after multiple hearings and continuances, Sylva sought and was granted voluntary departure. One month later, Sylva filed a motion to reopen, alleging that he had been denied due process at his removal hearing and that he wished to file an application for asylum, withholding of removal, and relief under the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60132

Convention against Torture. The immigration judge (IJ) denied his motion. The Board of Immigration Appeals (BIA) dismissed his appeal.

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard."[1] The BIA abuses its discretion when its decision is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies."[2]

Sylva contends that the BIA's decision was "capricious and arbitrary" because it "failed to address" Sylva's due-process argument and instead construed his motion to reopen as raising only a claim of ineffective assistance of counsel. This argument presents a new issue stemming from the BIA's decision. "[W]here the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration."[3] Because Sylva did not raise this issue in a motion for reconsideration, he did not exhaust his administrative remedies.[4] We therefore lack jurisdiction to resolve this issue.[5]

Sylva also asserts that the BIA abused its discretion by failing to consider evidence of changed country conditions giving rise to a claim of religious persecution, particularly the Gambian president's 2015 declaration that the country was an "Islamic State." To the extent that Sylva is raising a new issue which came about only as a result of the BIA's failure to address his

---

[1] *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)) (internal quotation marks omitted).

[2] *Id.*

[3] *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009).

[4] *See id.* at 320–21.

[5] *Dale v. Holder*, 610 F.3d 294, 298 (5th Cir. 2010) ("It is well-established that [j]udicial review of a final removal order is available only if the applicant has exhausted all administrative remedies as of right.") (internal quotation marks omitted).

No. 17-60132

argument, we lack jurisdiction to consider it. To the extent that Sylva is merely challenging the BIA's determination that he "has not indicated that he qualifies for an exception to excuse his late filing," we find that the BIA did not abuse its discretion. Under 8 C.F.R. § 1003.23(b)(3), "[a] motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available . . . at the former hearing." As the IJ noted, Sylva did not identify any evidence that was unavailable at his former hearing on August 2, 2016—including evidence of changed country conditions which gave rise to a claim for religious persecution.

The petition is thus DISMISSED in part and DENIED in part.