# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60319
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2020

Lyle W. Cayce
Clerk

ROBERT NOEL FIGUEROA-DIAZ,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 133 080

Before WIENER, HAYNES, and COSTA, Circuit Judges.
PER CURIAM:*

Robert Noel Figueroa-Diaz, a native and citizen of Honduras, entered the United States in September of 2005. He filed an application for asylum and withholding of removal under the Convention Against Torture. In September of 2006, an immigration judge denied his application and ordered him removed. Over a decade later, Figueroa-Diaz filed a motion to reopen his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

immigration proceedings, which the Board of Immigration Appeals (BIA) denied.  He now seeks review of the BIA's denial of his motion to reopen.

Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Figueroa-Diaz contends that his notice to appear (NTA) did not end his continuous presence in the United States or vest the immigration court with jurisdiction because it did not specify the date and time of his removal hearing.  He argues that the BIA abused its discretion by concluding that the deficient NTA conferred jurisdiction on the immigration court, failing to fully consider and determine his eligibility for cancellation of removal, rejecting his due process argument, and declining to reopen proceedings sua sponte.  He also argues that the BIA abused its discretion by finding his motion untimely without considering his meritorious arguments for equitable tolling.

Generally, our jurisdiction to review final orders of removal "encompasses review of decisions refusing to reopen or reconsider such." *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015).  To the extent we possess jurisdiction, we review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted).  The BIA may deny a motion to reopen if the alien fails to make a prima facie showing that he is entitled to the relief requested.  *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

An alien is statutorily eligible to file a motion for cancellation of removal if, among other things, the alien "has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application."  8 U.S.C. § 1229b(b)(1)(A).  Under § 1229b(d)(1), known as the "stop-time rule", any period of continuous physical presence ends "when the alien is served a notice to appear under section 1229a." *Pereira* held that "a notice that does not specify when and where to appear for a removal

proceeding is not a 'notice to appear' that triggers the stop-time rule."  138 S. Ct. at 2115.

We need not decide whether the BIA properly held that Figueroa-Diaz's motion to reopen was untimely and that he was not entitled to tolling.  Even assuming that the motion was timely, the BIA did not abuse its discretion in denying the motion on the alternative ground that Figueroa-Diaz failed to show entitlement to termination of proceedings or cancellation of removal.  In this regard, Figueroa-Diaz's argument that the two-step notice procedure deprived the immigration court of jurisdiction is foreclosed.  *See Pierre-Paul v. Barr*, 930 F.3d 684, 689-93 (5th Cir. 2019), *cert. denied*, 2020 WL 1978950 (U.S. Apr. 27, 2020) (No. 19-779).  And even assuming the BIA erred by failing to consider Figueroa-Diaz's eligibility for cancellation of removal, such error was harmless.  Indeed, the record demonstrates that he was not eligible for cancellation of removal because he received notice of the date, time, and place of his hearing soon after he entered the United States.  *See* § 1229b(b)(1)(A); § 1229b(d)(1); *Yanez-Pena v. Barr*, 952 F.3d 239, 241 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 6, 2020) (No. 19-1208); *Enriquez-Gutierrez*, 612 F.3d at 407.

Further, Figueroa-Diaz's due process claim fails to implicate a protected liberty interest.  *See Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019).  Also, we must dismiss for lack of jurisdiction the portion of Figueroa-Diaz's petition seeking review of the BIA's decision to decline to reopen the proceedings sua sponte.  *See, e.g., Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206 (5th Cir. 2017).

For these reasons, the petition for review is DENIED IN PART and DISMISSED IN PART.