# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 16, 2020

Lyle W. Cayce
Clerk

No. 19-60415
Summary Calendar

Rosa Maria Navarrete-Lopez,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 042 434

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Rosa Maria Navarette-Lopez, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying her motion to reopen and terminate her removal proceedings

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).  We address her contentions in turn.

Navarette-Lopez's argument that the BIA abused its discretion by finding her motion to reopen untimely is moot because the Board did not dismiss the motion on timeliness grounds.

There is no merit to Navarette-Lopez's *Pereira*-based contentions that, owing the failure of the Notice to Appear to list the date and time of the removal hearing—and notwithstanding her receipt of a corrective Notice of Hearing—she did not receive proper statutory notice of the hearing, the immigration court lacked jurisdiction to order her removed, and the "stop-time" rule of 8 U.S.C. § 1229b(d)(1)(A) was never triggered, rendering her eligible for cancellation of removal.  Both the BIA and this court have previously rejected such arguments.  *See Pierre-Paul v. Barr*, 930 F.3d 684, 688-93 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020); *Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520, 529-35 (BIA 2019); *see also Yanez-Pena v. Barr*, 952 F.3d 239, 245-46 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 8, 2020) (No. 19-1208).

We may consider Navarette-Lopez's argument that the BIA erred by not exercising its discretion to reopen her removal proceedings sua sponte because she raises legal and constitutional challenges to that decision.  *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019).  However, her arguments that the Board abused its discretion by not exercising its sua sponte discretion and, by doing so, violated her due process and equal protection rights are unavailing.  "[D]ue process claims are not cognizable in the context of reopening proceedings."  *Id.*  Moreover, to the extent Navarette-Lopez's due process claim relies on *Pereira*, it lacks merit.  *See Pierre-Paul*, 930 F.3d at 688-93.  Lastly, there is no equal protection violation because, under *Pierre-Paul* and *Mendoza-Hernandez*, aliens served with a

valid Notice to Appear and aliens served with an initially defective Notice to Appear that is subsequently cured by a Notice of Hearing are treated the same with respect to the immigration court's jurisdiction and the presumption of proper notice. *See generally United States v. Abou-Kassem*, 78 F.3d 161, 165 (5th Cir. 1996).

Navarette-Lopez fails to show that the BIA abused its discretion by denying her motion to reopen. *See Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). Accordingly, the petition for review is DENIED.