# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 19-60546
Summary Calendar

Roberto Enrique Mauricio-Benitez, *also known as* Roberto Sanchez-Fajardo,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 121 741

---

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Roberto Enrique Mauricio-Benitez petitions for review of the Board of Immigration Appeals' (BIA) denying his motion, in the light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), to reopen and terminate his *in absentia*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60546

removal proceedings. This court denied Mauricio's previous petition for review challenging an earlier BIA decision denying his motion to reopen removal proceedings and rescind the *in absentia* order of removal. *Mauricio-Benitez v. Sessions*, 908 F.3d 144 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2767 (2019). "This Court reviews the denial of a motion to reopen under a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted).

Mauricio asserts that, based on *Pereira*, his notice to appear (NTA) was invalid because it failed to list the date and time of the removal hearing and, therefore, the immigration court was without jurisdiction to conduct his removal proceedings. He further asserts that reopening was warranted to allow him to apply for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1), given that, under *Pereira*, the defective NTA did not trigger the stop-time rule of 8 U.S.C. § 1229b(d)(1)(A).

Both the BIA and this court have previously rejected similar claims. *See Yanez-Pena v. Barr*, 952 F.3d 239, 241–46 (5th Cir. 2020), *petition for cert. filed* (Apr. 8, 2020) (No. 19-1208); *Pierre-Paul v. Barr*, 930 F.3d 684, 688–93 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020); *Matter of Mendoza-Hernandez*, 27 I. & N. Dec. 520, 529–35 (BIA 2019) (en banc). Accordingly, the BIA did not abuse its discretion by denying the motion to reopen on these grounds. *See Barrios-Cantarero*, 772 F.3d at 1021 (holding the BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies").

Mauricio also contends that the BIA abused its discretion by refusing to reopen his removal proceedings *sua sponte*. He asserts: the change in law

represented by *Pereira* was an exceptional circumstance warranting reopening *sua sponte*; and, by ignoring this assertion, the BIA failed to properly consider his claims in favor of reopening *sua sponte*. We lack jurisdiction to review Mauricio's challenge to the BIA's purely discretionary election not to reopen removal proceedings *sua sponte*. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206–07 (5th Cir. 2017). Further, insofar as Mauricio claims the BIA ignored and failed to properly consider his claims, we lack jurisdiction to consider his unexhausted challenge to the BIA's "act of decisionmaking". *Omari v. Holder*, 562 F.3d 314, 320–21 (5th Cir. 2009); *see also Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).

Finally, Mauricio maintains the BIA abused its discretion by ignoring his contention that the *in absentia* removal proceedings violated his substantive and procedural due-process rights because, under *Pereira*, the defective NTA did not give him proper statutory notice of the removal hearing, and the immigration court lacked jurisdiction over his removal proceedings. These assertions are unavailing. The BIA has no authority to consider constitutional challenges. *Falek v. Gonzales*, 475 F.3d 285, 291 n.4 (5th Cir. 2007). Further, "due process claims are not cognizable in the context of reopening proceedings". *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019). Moreover, *Pereira* does not afford him the relief he seeks. *See Yanez-Pena*, 952 F.3d at 241–46; *Pierre-Paul*, 930 F.3d at 688–93.

DISMISSED in part; DENIED in part.