# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 10, 2022

Lyle W. Cayce
Clerk

No. 20-60629
Summary Calendar

Tolulope Japhet Okankiri,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 594 902

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Tolulope Japhet Okankiri, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen his removal proceedings seeking special-rule cancellation of removal, under 8 U.S.C. § 1229b(b)(2). He proffered new evidence that he qualifies

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60629

for cancellation of removal because he has been battered, or subjected to extreme cruelty, by his spouse, a United States citizen. *See* § 8 U.S.C. 1229b(b)(2)(A).

Understandably, the denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard". *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (per curiam) (citation omitted). The BIA "abuses its discretion when[, *inter alia*,] it issues a decision that is capricious [or] irrational". *Id.* "[C]onclusions of law are reviewed *de novo*, [but] deference is given to the BIA's interpretation of immigration regulations if . . . reasonable". *Id.*

Okankiri maintains the BIA erred in denying his statutory motion to reopen by applying an incorrect legal standard for cancellation of removal under 8 U.S.C. § 1229b(b)(2). Even assuming *arguendo* that the BIA erred by requiring Okankiri to demonstrate by clear and convincing evidence that his marriage was *bona fide*, the denial of his statutory motion to reopen may be affirmed based on the BIA's alternative reasoning: Okankiri failed to present evidence sufficient to make a *prima facie* showing that he would suffer extreme hardship if returned to Nigeria, as required under 8 U.S.C. § 1229b(b)(2)(A)(v). *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (noting BIA may deny motion to reopen for failure to make *prima facie* showing relief is warranted). The BIA's ruling is not capricious or irrational. *See Barrios-Cantarero*, 772 F.3d at 1021.

Okankiri next contends the BIA erred by declining to exercise its regulatory authority to reopen his removal proceedings *sua sponte*. Our court, however, lacks jurisdiction to consider the BIA's declining *sua sponte* reopening because there is no legal standard against which to judge the BIA's decision. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206–07 (5th Cir. 2017) (dismissing petition, in part, for lack of jurisdiction).

Finally, to the extent that Okankiri raises due-process challenges relating to the BIA's denial of his statutory and regulatory motions to reopen, he is not entitled to relief: "no liberty interest exists in a motion to reopen, and therefore due process claims are not cognizable in the context of reopening proceedings". *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019).

DISMISSED IN PART; DENIED IN PART.