# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2022

Lyle W. Cayce
Clerk

No. 20-61096
Summary Calendar

Osmin Requeno-Gomez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 657 469

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Osmin Requeno-Gomez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen his removal proceeding in order to rescind an *in absentia* removal order and to grant cancellation of removal.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

In considering the BIA's decision (and the Immigration Judge's (IJ), to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellano-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard". *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). An erroneous interpretation of the law is an abuse of discretion. *Id.*

On 1 November 2005, Requeno was served with a notice to appear (NTA) with an unspecified date and time. The Government mailed Requeno a subsequent NTA which included the date and time of the immigration hearing in February 2006. When Requeno did not appear at the hearing, the IJ ordered him removed *in absentia*.

More than 12 years later, Requeno moved to reopen the removal proceedings, asserting the 2005 NTA was inadequate under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because it did not provide notice of the date and time of the hearing. Based on then-existing precedent, the BIA affirmed the IJ's reasoning that a follow-up notice perfected the NTA, and the perfected NTA formed the basis for the *in absentia* removal under 8 U.S.C. § 1229a(b)(5)(A). This activated the "stop-time rule", ending the 10-year period of continuous presence that is a requirement for cancellation of removal under 8 U.S.C. § 1229b(d)(1). *See Pierre-Paul v. Barr*, 930 F.3d 684, 689 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).

Subsequent to the BIA's decision, the Supreme Court held the plain language of 8 U.S.C. § 1229(a)(1) "allows the government to invoke the stop-

time rule only if it furnishes the alien with a single compliant [NTA] explaining what it intends to do and when". *Niz-Chavez*, 141 S. Ct. at 1485. By requiring a "single compliant" NTA, *Niz-Chavez* overruled our court's jurisprudence that allowed for a defective NTA to activate the stop-time rule if perfected by follow-up notice. *See Rodriguez v. Garland*, 15 F.4th 351, 355 (5th Cir. 2021) (explaining "*Niz Chavez v. Garland* made plain that the § 1229(a) notice requirements must be included in a single document"). Our court later held the two-step process also failed to provide sufficient notice to support an *in absentia* removal order because *in absentia* removal also requires the single compliant NTA mandated by § 1229(a)(1). *Id.* (applying *Niz-Chavez* "in the *in absentia* context").

*Niz-Chavez* and *Rodriguez*, therefore, undermined the legal basis for denying the motion to reopen, resulting in an abuse of discretion. *See Barrios-Cantarero*, 772 F.3d at 1021 (explaining denying motion to reopen due to insufficient notice constitutes abuse of discretion). The Government concedes that, in the light of *Niz-Chavez*, this matter should be remanded to the BIA to address Requeno's eligibility for cancellation of removal.

Because the holdings in *Niz-Chavez* and *Rodriguez* were subsequent to the BIA's decision, we: GRANT the petition for review; VACATE the BIA's decision; and REMAND this matter to the BIA for reconsideration in the light of *Niz-Chavez* and *Rodriguez*.