# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2022

Lyle W. Cayce
Clerk

No. 21-60479
Summary Calendar

Everline Gesare Nyabwari,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A097 683 208

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Everline Gesare Nyabwari, a native and citizen of Kenya, was ordered removed in September 2013 and has since filed multiple unsuccessful motions to reopen. She petitions for review of the denial by the Board of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60479

Immigration Appeals (BIA) of her April 2020 motion to reopen as untimely and supernumerary under 8 U.S.C. § 1229a(c)(7).

The denial of a motion to reopen is reviewed under "a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (quotation marks and citation omitted). The BIA abuses its discretion "when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.*

Nyabwari argues that the statutory time and number limitations should have been equitably tolled with respect to her motion to reopen. According to Nyabwari, she has satisfied the requirements for equitable tolling because she pursued her rights with reasonable diligence. It was the extraordinary circumstance of ineffective assistance of counsel that prevented her seeking reopening on the basis of the BIA's erroneous determination that she was ineligible for adjustment of status under 8 U.S.C. § 1255(a)(2). *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016).

"[T]he deadline for filing a motion to reopen under 8 U.S.C. § 1229a(c)(7) is subject to equitable tolling." *Id.* Assuming without deciding that the statutory number bar may likewise be equitably tolled, Nyabwari has not shown entitlement to relief. Nyabwari asserts that she acted with due diligence because she first learned about the admissibility issue from her current counsel on March 1, 2020, and filed the instant motion to reopen on April 14, 2020, less than 90 days later. § 1229a(c)(7)(C)(i). Even assuming that Nyabwari acted diligently once she learned of the admissibility issue, she is required to make an additional showing that she acted with due diligence prior to discovering the issue. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 305 & n.4 (5th Cir. 2017).

Significantly, Nyabwari has not offered information regarding her efforts to pursue her rights between the denial of her fourth motion to reopen on October 22, 2018, and her discovery through counsel of the admissibility issue and alleged ineffective assistance 17 months later. At one extreme, we held that the BIA did not abuse its discretion in finding that a three-year gap between consultations with different immigration attorneys failed to show reasonable diligence. *Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020). We agree with the analysis of two other panels that upheld BIA findings of a lack of diligence with an 11-month gap between attorney consultations, *Michael v. Barr*, 830 F. App'x 732, 735 (5th Cir. 2020), and with a 28-month delay before obtaining another legal opinion. *Deras-Leon v. Barr*, 841 F. App'x 642, 645 (5th Cir. 2020).

Additionally, because her equitable tolling argument is not premised on a change in caselaw, Nyabwari is not justified in relying on the statement in *Lugo-Resendez*, 831 F.3d at 345, regarding a removed alien's inability to follow developments in American law. She has thus failed to show that the BIA abused its discretion in finding a lack of diligence to support her equitable tolling request. *See Barrios-Cantarero*, 772 F.3d at 1021.

Finally, Nyabwari contends that the BIA erroneously ignored her claim that her removal order was invalid *ab initio* and thus resulted in a gross miscarriage of justice that rendered her untimely motion to reopen reviewable. Because we have "declined to extend [the gross miscarriage of justice] exception to overcome an untimely motion to reopen," the BIA did not abuse its discretion in declining to analyze this claim. *See Flores-Moreno*, 971 F.3d at 546.

PETITION DENIED.