# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2023

Lyle W. Cayce
Clerk

————————

No. 23-60030
Summary Calendar

————————

Jagjit Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 170 071

————————————————————

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jagjit Singh, a native and citizen of India and proceeding *pro se*, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen.

In 2018, an Immigration Judge (IJ)—after Singh conceded his removability—ordered him removable and denied his application for asylum,

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

withholding of removal, and protection under the Convention Against Torture. In doing so, it found Singh's testimony incredible. The BIA affirmed that decision in March 2020, upholding the IJ's adverse credibility determination and ruling Singh failed to present evidence independent of his testimony to support his application. This court denied his petition for review, likewise upholding the adverse credibility finding. *See Singh v. Garland*, 843 F. App'x 632 (5th Cir. 2021). Singh filed the instant motion in May 2022, alleging changed country conditions warranted reopening.

Because motions to reopen are "disfavored", we review denials of those motions "under a highly deferential abuse-of-discretion standard". *Zhao v. Gonzalez*, 404 F.3d 295, 303–04 (5th Cir. 2005) (citations omitted). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies". *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

"[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the respondent must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible". *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (BIA 2020).

Singh has failed to overcome the prior adverse credibility determination. The BIA ruled he failed to "proffer specific arguments" in his motion to reopen "to contest the credibility concerns relied on by the [IJ]" in denying his application for relief. Singh does not challenge, before this court, the BIA's ruling nor does he even attempt to address the IJ's concerns regarding the inconsistencies in his testimony, other than to

characterize them as "trivial" and "not material to [his] claim of persecution". This, however, is identical to the argument Singh made in his brief before the BIA, which was rejected as insufficient. *See, e.g.*, *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (explaining "IJ may rely on *any* inconsistency or omission in making an adverse credibility determination" (emphasis added) (citation omitted)). Singh fails to show the BIA's decision was "capricious, irrational, [or] utterly without foundation in the evidence". *Barrios-Cantarero*, 772 F.3d at 1021.

The BIA also reasonably concluded Singh failed to present a new claim that was independent from the evidence previously found not credible. *See Matter of F-S-N-*, 28 I. & N. Dec. at 3. Here, the "new" allegations presented in Singh's motion to reopen are: he is still a practicing Sikh who supports the Mann Party; and, since his removal hearing, Badal Party members threatened his safety in India if he continued to support the Mann Party. These allegations are not independent of his prior claim of political persecution by the Badal Party; they "merely supplement[] it" and "intertwin[e] the new with the old". *Id.* at 5 (citation omitted). As such, the BIA properly concluded that "[t]he grounds for [Singh's] current fear of future harm are not new or independent of his prior application, but rather [are] a continuation of his previously discredited claims". *See id.* at 4 (providing "newly raised claim is not independent" of prior claim where it "is, in essence, a continuation of the respondent's previously discredited claims").

DENIED.