# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60154
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2017

Lyle W. Cayce
Clerk

CESAR ALBERTO PLEITEZ-NUNEZ,

Petitioner,

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 123 691

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cesar Alberto Pleitez-Nunez, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his motion to reopen an *in absentia* order of removal. He argues that the BIA failed to address his equitable tolling argument and that the facts of his case warrant equitable tolling. He seeks remand for further reconsideration of his argument that he is entitled to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

equitable tolling due to non-attorney error in light of this court's decision in *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-45 (5th Cir. 2016).

The record shows that the BIA found that Pleitez-Nunez did not act diligently in seeking rescission of the 2006 removal order and thus implicitly addressed his equitable tolling argument. *See Roy v. Ashcroft*, 389 F.3d 132, 139-40 (5th Cir. 2004). We have jurisdiction to review an illegal alien's request for equitable tolling of a motion to reopen. *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015); *Lugo-Resendez*, 831 F.3d at 343-44. We review the order of the BIA, but we will also consider the underlying decision of the immigration judge if it influenced the BIA's decision. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Our review of the denial of a motion to reopen is under a "highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted). Generally speaking, motions to reopen removal proceedings are disfavored, and the moving party must satisfy a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006).

The record in this case does not indicate that Pleitez-Nunez was diligent in seeking relief from the order of removal. A Border Patrol agent provided him with notice of the removal hearing and notified him of his duty to keep the immigration court apprised of his current address. Although Pleitez-Nunez stated that he understood the advisements made by the Border Patrol agent, he did not comply with his obligations. Moreover, while Pleitez-Nunez's reliance on erroneous information that he received from a notary public was arguably reasonable in light of his knowledge and experience, *see Lugo-Resendez*, 831 F.3d at 345, his failure to follow up on the status of his immigration case for six years was not.

No. 16-60154

Because we are satisfied that the BIA's determination that Pleitez-Nunez failed to act with due diligence was not capricious, irrational, or utterly without foundation in the evidence, *see Barrios-Cantarero*, 772 F.3d at 1021, the petition for review is DENIED.