# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2021

Lyle W. Cayce
Clerk

No. 19-60500
Summary Calendar

Santiago Antonio Perez-Escobar,

*Petitioner*,

*versus*

Jeffrey A. Rosen, Acting U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 486 818

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Santiago Antonio Perez-Escobar, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) denial of his motion to reopen removal proceedings and to rescind the in absentia removal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

order.  He contends the BIA and IJ erred in finding that he did not provide his address to immigration authorities and that the BIA abused its discretion in refusing to reopen the proceedings sua sponte.

This court applies "a highly deferential abuse-of-discretion standard in reviewing the denial of a motion to reopen removal proceedings." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017).  Under that standard, this court must affirm the decision as long as it is "not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary." *Id.* at 203-04.  The BIA's conclusions of law are reviewed de novo and its findings of fact are reviewed for substantial evidence.  *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).  Under the substantial evidence test, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

If an alien fails to appear at a deportation hearing, and an IJ finds that notice was provided and removability has been established, the IJ must order the alien removed in absentia.  8 U.S.C. § 1229a(b)(5)(A).  If an alien fails to provide a mailing address to immigration authorities, no written notice is required before he may be removed in absentia.  *See* § 1229a(b)(5)(B).  Perez-Escobar argues the BIA and IJ incorrectly found that he did not provide his address despite his sworn statement to the contrary.  However, the notice to appear (NTA) and I-213 form both state that Perez-Escobar did not provide an address to authorities.  As a result, substantial evidence supports the finding of the BIA and IJ, and they did not abuse their discretion in concluding he was properly ordered removed in absentia and denying his motion to reopen.  *See Gomez-Palacios*, 560 F.3d at 358, 360-61.

For the first time on appeal, Perez-Escobar asserts he was not personally served with the NTA and that the NTA and I-213 are unreliable.

No. 19-60500

He has failed to exhaust these issues since he did not raise them before the BIA, and this court therefore lacks jurisdiction to consider his arguments. *See Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2011).   This court is also without jurisdiction to consider his claim that the BIA should have exercised its discretionary authority to reopen the removal proceedings sua sponte. *See Hernandez-Castillo*, 875 F.3d at 206-07.

Accordingly, Perez-Escobar's petition for review is DISMISSED IN PART AND DENIED IN PART.  His motion to appoint counsel is DENIED as moot.