# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2022

Lyle W. Cayce
Clerk

No. 22-60031
Summary Calendar

Haider Ali,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 711 653

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Haider Ali, a native and citizen of Pakistan, petitions for review of a decision of the Board of Immigration Appels (BIA) denying his motion to reopen removal proceedings on the basis of changed country conditions in Pakistan. Ali argues that the BIA erred in denying his motion to reopen based

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

on the finding that he had failed to show, for his asylum and withholding of removal claims, that the Pakistani government was unable and unwilling to control the Taliban. Additionally, he argues that the BIA engaged in impermissible factfinding in violation of 8 C.F.R. § 1003.1(d)(3)(iv)(A) when it found he had failed to show that it would be unreasonable for him to relocate within Pakistan to avoid the Taliban.

This court reviews the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

The BIA's factual findings are reviewed for substantial evidence; its rulings of law are reviewed *de novo*. *Gomez-Palacios*, 560 F.3d at 358. Under the substantial evidence standard, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Id.*

To qualify for asylum or withholding of removal, an applicant must show persecution "by the government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006); *see Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Ali argues that the BIA's finding that he failed to show that the Pakistani government was unable or unwilling to protect him from the Taliban is not supported by substantial evidence. He relies on the affidavit of Dr. Charles H. Kennedy, which he attached to his motion to reopen. According to Dr. Kennedy, who purports to be an expert on country conditions in Pakistan, "Pakistani institutions seem to be unwilling or unable to protect Haider Ali from the Taliban or related groups." Even Dr. Kennedy acknowledges, however, that

policies instituted by the Pakistani government have "slowed the rate of terrorist violence," even though some areas remain "quite dangerous."

Ali also suggests the police response to his brother's shooting shows that the Pakistani government is unable or unwilling to control the Taliban. As the BIA stated, though, the police sought out Ali's brother at the hospital, made an official report, and referred the case for investigation.

Ultimately, Ali has failed to demonstrate a "complete helplessness" by the Pakistani government to protect citizens targeted by the Taliban. *Shehu v. Gonzalez*, 443 F.3d 435, 437 (5th Cir. 2006) (internal quotation marks and citation omitted). As Ali's own expert acknowledges, the Pakistani government has taken steps to combat terrorist violence, which is on the decline. Accordingly, there is substantial evidence supporting the BIA's finding that Ali failed to establish that the Pakistani government was unable or unwilling to control the Taliban because the record evidence does not compel a contrary conclusion. *See Gomez-Palacios*, 560 F.3d at 358.

Finally, Ali argues the BIA engaged in impermissible factfinding in violation of Section 1003.1(d)(3)(iv)(A) when it found he failed to show it would be unreasonable for him to relocate within Pakistan to avoid the Taliban. A claim that the BIA "engaged in impermissible factfinding" must be raised in a motion to reconsider, else it presents a "wholly new ground for relief that arises only as a consequence of" the BIA's error. *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022) (internal quotation marks, citations, and emphasis omitted). Because Ali failed to raise his claim of impermissible factfinding in a motion to reconsider, it is unexhausted, and this court lacks jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

The petition for review is DENIED in part and DISMISSED in part.